IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3203-D

| | | |
|---|---|---|
| JAMEL LONDELL HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WAKE COUNTY, NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |

On September 8, 2025, Jamel Londell Hunter ("Hunter" or "plaintiff"), proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. The court grants Hunter's motion for leave to proceed in forma pauperis [D.E. 2]. As explained below, the court reviews the complaint and dismisses the action.

I.

When a litigant seeks leave to proceed in forma pauperis, the court shall dismiss the case if the court determines that the action is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (cleaned up).

The standard used to evaluate the sufficiency of a pleading is flexible, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more

than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Seabrook v. Driscoll, 148 F.4th 264, 269–70 (4th Cir. 2025); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Hunter names Wake County as the sole defendant. See [D.E. 1] 1. Hunter asserts one claim against Wake County under 42 U.S.C. § 1983 for violating his Fourteenth Amendment due process rights. See id. at 2. Hunter alleges that on November 8, 2024, he was charged with a misdemeanor for breaking or entering. See id. On March 11, 2025, Hunter appeared in Wake County District Court and alleges that his attorney and the assistant district attorney stated in open court that the case would be dismissed administratively and that Hunter's presence would not be required at the subsequent hearing. See id. Hunter alleges that he received no further communication concerning the case. See id.

On May 6, 2025, the Wake County District Court held a hearing and cited Hunter for failing to appear. See id. On May 21, 2025, the court issued an order for arrest against Hunter. See id. On June 16, 2025, Hunter learned about the order for arrest and contacted his attorney. See id. On June 26, 2025, Hunter moved to recall the order for arrest. See id.

Hunter alleges that the administrative delays and lack of notice placed his liberty in jeopardy and that Wake County failed to ensure proper notice. See id. Hunter alleges that he suffered from fear of arrest, emotional distress, disruption of other ongoing court matters, and potential risk to existing bond status. See id. Hunter alleges that Wake County's actions (failing to provide a hearing notice and improperly issuing an arrest warrant) constitute a pattern of neglect

2

and unlawful custom. See id. Hunter alleges that Wake County's conduct results from systemic failure and deliberate indifference. See id. Hunter seeks $400,000 in damages. See id. at 3.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

When a municipal entity is sued—directly or in an official-capacity suit—the plaintiff must plausibly allege that a "policy or custom" attributable to the municipal entity caused the violation of the plaintiff's federally protected rights. See Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403–05 (1997); Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985); Monell, 436 U.S. at 690–94; Mullen v. Town of Sunset Beach, N.C., __ F.4th __, No. 25-1526, 2026 WL 1251016, at *4 (4th Cir. May 7, 2026); King v. Rubenstein, 825 F.3d 206, 223 (4th Cir. 2016); Owens v. Balt. City State's Att'ys Off., 767 F.3d 379, 402 (4th Cir. 2014); Sartos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 469–70 (4th Cir. 2013); Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010). "Monell's 'policy or custom' requirement applies in [section] 1983 cases irrespective of whether the relief sought is monetary or prospective." Los Angeles Cnty. v. Humphries, 562 U.S. 29, 39 (2010). There are four ways in which liability for a policy or custom may arise:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an

3

omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

Lytle, 326 F.3d at 471 (cleaned up).

A violation results from a municipal entity's policy or custom if the violation resulted from "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690; see City of St. Louis v. Praprotnik, 485 U.S. 112, 121–23 (1988). Even if a section 1983 plaintiff can identify the requisite final policymaking authority under state law, a municipality is not liable simply because a section 1983 plaintiff can "identify conduct attributable to the municipality." Riddick v. Sch. Bd. of Portsmouth, 238 F.3d 518, 524 (4th Cir. 2000). Instead, a section 1983 "plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." Brown, 520 U.S. at 404 (cleaned up); see City of Canton v. Harris, 489 U.S. 378, 389–90 (1989); Riddick, 238 F.3d at 524. Thus, to avoid imposing respondeat superior liability on municipalities, a section 1983 plaintiff must show that "a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." Brown, 520 U.S. at 411; see Harris, 489 U.S. at 392; Mullen, 2026 WL 1251016, at *4; Riddick, 238 F.3d at 524; Carter, 164 F.3d at 218–19.

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999), abrogated on other grounds by Short v. Hartman, 87 F.4th 593 (4th Cir. 2023), cert. denied, 144 S. Ct. 2631 (2024); see Mullen, 2026 WL 1251016, at *4. Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action" or inaction. Brown, 520 U.S. at 410. Moreover, even if a section 1983 plaintiff can show the requisite culpability, a section 1983 plaintiff also must

4

show "a direct causal link between the municipal action [or inaction] and the deprivation of federal rights." Id. at 404.

Hunter has failed to plausibly allege a municipal policy or custom or causation. See, e.g., Cooper v. City of Wheeling, 169 F.4th 220, 227 (4th Cir. 2026); Schmitz v. Wake Cnty. Bd. of Educ., No. 5:25-CV-553, 2026 WL 989089, at *3 (E.D.N.C. Apr. 13, 2026) (unpublished); Adcock v. Durham Cnty., No. 1:25CV6, 2026 WL 883872, at *8–9 (M.D.N.C. Mar. 31, 2026) (unpublished), report and recommendation adopted, 2026 WL 1124786 (M.D.N.C. Apr. 24, 2026) (unpublished); Cataffo v. Jackson Cnty. Police Dep't, No. 2:25-524, 2026 WL 471362, at *4–5 (S.D. W. Va. Jan. 21, 2026) (unpublished), report and recommendation adopted, 2026 WL 466744 (S.D. W. Va. Feb. 18, 2026) (unpublished); Lesane v. Wake Cnty. Child Support Enf't Agency, No. 5:25-CV-212, 2025 WL 3475587, at *10 (E.D.N.C. Oct. 16, 2025) (unpublished), report and recommendation adopted, 2025 WL 3476552 (E.D.N.C. Dec. 3, 2025) (unpublished). Thus, the court dismisses the action for failure to state a claim.

II.

In sum, the court GRANTS plaintiff's motion for leave to proceed in forma pauperis [D.E. 2] and DISMISSES the action for failure to state a claim. The clerk shall close the case.

SO ORDERED. This 12 day of May, 2026.

JAMES C. DEVER III
United States District Judge

5